[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11380
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-00014-WLS-TQL-3


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BOBBY CHARLES TAYLOR,
a.k.a. Big Fifty,

Defendant,

NOLBERTO MARTINEZ,
a.k.a. Negro,

Defendant-Appellant.


_____

Appeals from the United States District Court
for the Middle District of Georgia
_____

(November 5, 2015)

Before TJOFLAT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Nolberto Martinez, Bobby Taylor and Victor Salinas were indicted, in Count One, for conspiring among themselves and several others to possess with intent to distribute cocaine and crack cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1). The indictment also charged Martinez, in Count Three, with distribution of cocaine, in violation of 21 U.S.C. § 841(a). Martinez and Taylor stood trial and based in large part on the testimony of their coconspirators, were found guilty as charged.

In this appeal, Martinez argues that the evidence was insufficient to convict him of the Count One conspiracy charge and that the District Court erred in sentencing him to prison for a total of 360 months (360 months on Count One and a concurrent term of 240 months on Count Three). We consider first his challenge to Count One.

## I.

We review *de novo* whether the evidence was sufficient to convict Martinez on Count One, taking the evidence in the light most favorable to the jury's verdict. *United States v. Jiminez,* 564 F.3d 1280, 1284 (11th Cir. 2009). The evidence is sufficient if a reasonable trier of fact could have found that it established guilt beyond a reasonable doubt. *Id.* at 1284-85.

2

To convict a defendant for violating 21 U.S.C. § 846, the government must prove beyond a reasonable doubt that: (1) a conspiracy existed; (2) the defendant knew of the essential objectives of the conspiracy; and (3) the defendant knowingly and voluntarily participated in the conspiracy. *United States v. Calderon*, 127 F.3d 1314, 1326 (11th Cir. 1997). The government can show the existence of such an agreement via circumstantial evidence, which would include drawing inferences based on the conduct of those allegedly involved in the scheme. *United States v. Silvestri*, 409 F.3d 1311, 1328 (11th Cir. 2005).

While the existence of a simple buyer-seller relationship alone is insufficient to prove a conspiratorial agreement, an agreement to enter into a conspiracy may be inferred when the evidence shows a continuing relationship that results in the repeated transfer of illegal drugs to a purchaser. *United States v. Johnson*, 889 F.2d 1032, 1035-36. "Where the buyer's purpose is merely to buy, and the seller's purpose is merely to sell, and no prior or contemporaneous understanding exists between the two beyond the sales agreement, no conspiracy has been shown." *United States v. Beasley*, 2 F.3d 1551, 1560 (11th Cir. 1993) (quotation omitted). In *Beasley*, we held that there was sufficient evidence to establish the existence of a conspiracy where the defendant had purchased drugs multiple times from another party, the drugs had been fronted without payment, the initial seller knew where the defendant was selling the drugs he had purchased, and they worked together to

3

arrange a sale to another party.  *Id.*  This evidence demonstrated that the relationship between the supplier and the defendant was "far more than merely a buyer-seller relationship."  *Id.*

That is what the evidence established in this case.  Martinez of course disagrees, contending that, at best, all the evidence showed was a buyer-seller relationship involving himself, Winbush and Johnson and that Barge was sometimes present associating with them.  Had a conspiracy existed, he continues, there would have been evidence that he and his alleged coconspirators shared the proceeds of the drug sales; that they made cocaine sales on credit; that he gave advice to the others about the cocaine sales; that the cocaine purchases were coordinated; and that they solicited customers for each other.

Martinez seems to discount the fact that he did sell cocaine.  His problem is that the testimony of the prosecution witnesses showed a continuing agreement to sell drugs, an agreement  that was executed time and time again.  Moreover, a reasonable jury could have found that he was a member of the Gulf Cartel and based on the testimony of Agent Jordan, Mark Simpson and Stuart Cole, that he was transporting drugs into the United States.  In sum, the evidence fully supported the jury's verdict on Count One.

II.

4

Martinez contends that in determining his sentence range under the Guidelines, the District Court erred when it enhanced his base offense level by four levels pursuant to U.S.S.G. § 3B1.1(a) for being a leader or organizer of criminal activity involving five or more persons. We review the court's determination of Martinez's role in the offense for clear error. *United States v. Rodriguez De Varon*, 175 F.3d 930, 937 (11th Cir. 1999) (*en banc*). Under clear error review, when two permissible views of the evidence exist, the factfinder's choice between them will not be clearly erroneous. *Id*. at 945.

The Guidelines provide that a four-level enhancement may be applied if "the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1(a). The commentary provides that the district court should consider the following factors: (1) exercise of decision-making authority, (2) nature of participation in the offense, (3) recruitment of accomplices, (4) claimed right to a larger share of the fruits of the crime, (5) degree of participation in planning or organizing the offense, (6) nature and scope of the illegal activity, and (7) degree of control and authority exercised over others. U.S.S.G. § 3B1.1, comment. (n.4). There is no requirement that all the considerations have to be present in any one case. *United States v. Ramirez*, 426 F.3d 1344, 1356 (11th Cir. 2005).

Section 3B1.1 requires that the defendant exercise some degree of control, influence, or leadership over another participant. *United States v. Martinez*, 584 F.3d 1022, 1026 (11th Cir. 2009). However, the assertion of control or influence over only one individual is enough to support a § 3B1.1 enhancement. *United States v. Lozano*, 490 F.3d 1317, 1323 (11th Cir. 2007).

We find no clear error in the District Court's application of § 3B1.1(a). The evidence presented showed that Martinez exercised some degree of control, influence, or leadership, as § 3B1.1(a) requires.

AFFIRMED.